UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

      Plaintiff,

v.                                 Case No. 06-20330

WILLIAM SPARKS,             HONORABLE AVERN COHN

      Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION

I.

      This is a criminal case. Defendant, William Sparks, is charged in a two count indictment with distribution of various controlled substances, including Fentanyl and codeine, in violation of 21 U.S.C. § 841(b)(1)(C), and that an individual died as a result of using Fentanyl (Count One) and with distribution of other controlled substances, including percocet, oxycodone, codeine, vicodin, and hydrocodone, in violation of 21 U.S.C. §§ 841 (a)(1), (b)(1)(C), and (b)(1)(D). Sparks filed a motion in limine seeking to exclude several statements made by the decedent, Jason Cremer (Cremer), as to where or from whom he obtained prescription medications. The Court denied the motion. The Court stated that although the statements "appear to meet the requirements for admissibility as statements against interest . . . . the Court must reserve a definitive ruling until the statements can be individually evaluated in context of the evidence produced at trial." See Memorandum and Order filed April 23, 2007. The

Court also noted that neither party lodged the statements with the Court.

Before the Court is defendant's motion for reconsideration.  The government, at the Court's request, has responded.  For the reasons that follow, the motion is DENIED.

## II.

E.D. Mich LR 7.1(g) governs motions for reconsideration, providing in relevant part:

> Generally, and without restricting the court's seem, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by implication.  The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

## III.

As an initial matter, the motion is untimely.  Local Rule 7.1(g)(1) states that a "motion for reconsideration must be filed within 10 days after entry of judgment or order."  Defendant's motion, filed July 27, 2007, comes nearly three months after the Court's decision.

Regardless, the motion must be denied because it fails to satisfy the requirements under Local Rule 7.1(g).  Although defendant now attaches copies of the statements, the motion presents the same arguments previously considered and rejected by the Court, at least provisionally.  Although the Court has indicated that the statements seem to meet the requirements for admission as statements against interest, it reversed a ruling, particularly with regard to whether the particular guarantees of trustworthiness exist.  Nothing in defendant's motion convinces the Court

otherwise.  Indeed, the better course is to rule on the admissibility of each statement at

the appropriate time at trial.

SO ORDERED.




  s/Avern Cohn                      
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated:  August 2, 2007


I hereby certify that a copy of the foregoing document was mailed to the parties of
record on this date, August 2, 2007, by electronic and/or ordinary mail.


  s/Julie Owens                      
Case Manager, (313) 234-5160