UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

      Plaintiff,

v.                                Case No. 06-20330

WILLIAM SPARKS,           HONORABLE AVERN COHN

      Defendant.

_____/


**MEMORANDUM AND ORDER**
**DENYING DEFENDANT'S MOTION TO DISMISS THE INDICTMENT**
**AND**
**MOTION FOR BILL OF PARTICULARS**

I.  Introduction

This is a criminal case.  Defendant, William Sparks, is charged in a two-count indictment for the distribution of various controlled substances in violation of 21 U.S.C. § 841(a)(1).

Before the Court are two motions:  Defendant's motion to dismiss the indictment and defendant's motion for a bill of particulars.  A hearing was held on November 21, 2007.  For the reasons that follow, the motions will be denied.[1]

_____

[1]At the hearing, defendant conceded that the government's response to the motion for a bill of particulars renders the motion moot.  Accordingly, defendant's motion for a bill of particulars is DENIED AS MOOT.

## II. Background

On August 29, 2007, defendant was charged in a Two-Count Second Superceding Indictment with violating 21 U.S.C. § 841(a)(1), Distribution of Controlled Substances, with regard to distributing controlled substances to an individual identified as "J.L.C."

Count 1 alleges conduct from on or about July 15, 2005 to September 5, 2005 and involving the distribution of Fentanyl, a Schedule II controlled substance, codeine, a Schedule III substance, and alprazolam (commonly known as "Xanax"), a Schedule IV substance. Count 1 also alleges that on or about September 12, 2005, J.L.C. suffered serious bodily injury as a result of his use of Fentanyl distributed to him by the defendant, and death as a result of his use of Fentanyl distributed to him by the defendant.

Count 2 alleges conduct from on or about January 2003 and continuing until on or about July 14, 2005, involving the distribution of oxycodone (more commonly known as "Percocet"), a Schedule II controlled substance, codeine, a Schedule III substance, and alprazolam, a Schedule IV substance.

### III. Motion to Dismiss the Indictment

#### A. Parties' Arguments

Defendant has filed a motion to dismiss the indictment under FED. R. CRIM. P. 7(c)(1) and 8(a). Defendant argues that Count 1 is duplicitous because it has joined two or more distinct and separate offenses into a single count and therefore the indictment makes it impossible for a jury to unanimously agree that the defendant committed either of the separate offenses contained within Count 1. Defendant also argues that the

indictment is defective due to multiplicity because Count 1 and 2 alleged the same offense, with the only difference being the "on or about" date.

Defendant requests that the Court (1) dismiss Count 2 of the indictment or, (2) consolidate Counts 1 and 2, and dismiss Count 1, or (3) order the government to state whether the government will charge under the theory of "serious bodily injury" or "death" resulting from use of Fentanyl.

The government says that defendant's claim of duplicity can be cured through an appropriate jury instruction and verdict form, combined with a unanimity instruction and has attached a proposed verdict form to this effect. The government also says that defendant's multiplicity claim is without merit because the two counts involve to different and discrete periods of time and different sets of evidence.

## B. Analysis

"The rules about multiplicity and duplicity are pleading rules, the violation of which is not fatal to an indictment." United States v. Robinson, 651 F.2d 1188, 1194 (6th Cir. 1981). "[A] duplicitous or multiplicitous indictment is remediable by the court's instruction to the jury particularizing the distinct offense charged in each count in the indictment." Id.

### 1. Duplicity

A jury instruction directing the jury to make unanimous findings as to particular controlled substances distributed by the defendant to J.L.C. and as to the injury suffered by J.L.C. will cure defendant's duplicity claim. See United States v. Blandford, 33 F.3d 685, 699 (6th Cir. 1994).

Moreover, the proposed verdict form setting forth separate findings as to the particular controlled substances and setting forth separate finding as to the injury attached to the government's response brief further indicates there is no duplicity. For Count 1, paragraph one asks the jury whether they find the defendant guilty or not guilty as to Count 1. If the jury finds the defendant guilty of Count 1, paragraph two asks the jury to further find guilt as to particular controlled substances and asks the jury to mark all substances that apply. These substances are Fentanyl, codeine and alprazolum. If the jury finds that defendant distributed Fentanyl as charged in Count 1, paragraph three asks the jury to find whether J.L.C died as a result of his use of Fentanyl distributed to him by the defendant. If the jury finds that J.L.C. did not die as a result his use of Fentanyl distributed to him by the defendant, paragraph four asks the jury to find whether J.L.C suffered serious bodily injury as a result of his use of Fentanyl distributed to him by the defendant.

For Count 2, paragraph five asks the jury whether they find the defendant guilty or not guilty as to Count 2. If the jury finds defendant guilty of Count 2, paragraph six asks the jury to further find guilt as to particular controlled substances and asks the jury to mark all substances that apply. Those substances are oxycodone, codeine and alprazolum.

As explained above, the verdict form sets forth separate findings for each controlled substance alleged in Counts 1 and 2 and provides for separate findings as to whether J.L.C. suffered serious bodily injury or died as a result of his use of Fentanyl distributed to him by the defendant. This coupled with an appropriate jury instruction

particularizing the distinct offense charged in each count in the indictment and directing

the jury to make unanimous findings as to separate findings prevents a finding of

duplicity.  As such, the indictment is not subject to dismissal on this ground.

### 2.  Multiplicity

Despite defendant's arguments to the contrary, Counts 1 and 2 are not defective

due to multiplicity. Counts 1 and 2 involve different periods of time involving different

sets of evidence, and the distribution of different substances.  Further, Count 1 involves

a charge of serious bodily injury and death suffered by J.L.C.; Count 2 does not.

Counts 1 and 2 relate to different period of time.  Specifically, Count 1 relates to

the period of time between July 15, 2005 and September 5, 2005, when J.L.C. was

serving as a U.S. Navy sailor in Florida and traveling to the Eastern District of Michigan

to receive controlled substances from the defendant. Count 2 relates to the period of

time between January 2003 through July 14, 2005 when J.L.C. resided in the Eastern

District of Michigan, and received controlled substances from the defendant.  As such,

the evidence on Counts 1 and 2 will be different.  Count 1 involves travel records,

medical/expert evidence, physical evidence, testimony, and pharmacy records showing

the defendant's access to Fentanyl, codeine, and  alprazolam.  On the other hand,

Count 2 involves pharmacy records and testimony from multiple witnesses concerning

the defendant's distribution of oxycodone, codeine, and  alprazolam to J.L.C. Count 1

and 2 differ because they involve the distribution of different controlled substances;

Fentanyl in Count 1 and oxycodone in Count 2.

5

Given these facts, Counts 1 and 2 are not multiplicitous. Moreover, there is no danger of multiple punishment because the Sentencing Guidelines are driven by the quantity of the controlled substances distributed and whether serous bodily injury and/or death resulted from the controlled substance use.  The Sentencing Guidelines are not affected by a conviction on two separate counts.  Finally, a jury instruction and a verdict form, like the one proposed by the government, particularizing the distinct offense charged in each offense will cure any alleged multiplicity.  See Robinson, 651 F.2d at 1194.  Therefore, the indictment is not subject to dismissal on this ground.

IV.

For the reasons stated above, defendant's motion to dismiss the indictment is DENIED.

SO ORDERED.


 s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated:  November 27, 2007


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, November 27, 2007, by electronic and/or ordinary mail.

 s/Julie Owens
Case Manager, (313) 234-5160